UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REBECCA BRIMER and
JAMES CASTLEMAN, her husband,

     Plaintiffs,

v.                                                                    CASE NO:

AMAZON.COM, INC., a foreign corporation; and
HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI
d/b/a GEEMAX-US, a foreign corporation,

     Defendants.

_____/

## DEFENDANT AMAZON.COM, INC.'S NOTICE OF REMOVAL

Defendant Amazon.com, Inc. (hereinafter, "Amazon"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Local Rule 1.06, hereby removes this action from the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, on the following grounds:

### BACKGROUND

1.     On April 28, 2026, Plaintiffs filed a Complaint in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, captioned *Rebecca Brimer and James Castleman, her husband v. Amazon.com, Inc., a foreign corporation; and Hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax-US, a foreign corporation*, as Case Number CA26-0682.

2.     On May 5, 2026, Plaintiffs served the Summons and Complaint on

1

Amazon through its registered agent for service of process.

3.      This Court has jurisdiction over this removed action because Amazon and Defendant Hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax-US (hereinafter, "Geemax") are not citizens of the State of Florida and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**DIVERSITY OF CITIZENSHIP**

4.      Complete diversity of citizenship exists because Plaintiffs are citizens of Florida and Defendants are citizens of Delaware, Washington, and China. *See* 28 U.S.C. § 1332(a).

5.      For diversity purposes, an individual's citizenship is equivalent to their "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58; *see also Diller v. Heartland AG Grp. of Springfield, Inc.*, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To determine an individual's domicile, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see McCormick*, 293 F.3d at 1258.

6.      Plaintiffs allege that they "are and at all times material were, residents of St. Johns County, Florida." (Complaint, at ¶ 2). Additionally, Plaintiff Rebecca

2

Brimer's medical records state that her address is in St. Augustine, Florida, and her St. Johns County Florida Fire Rescue, HCA Memorial Hospital, and Brooks Rehabilitation records reflect that she treated in Jacksonville and St. Augustine, Florida. Thus, Plaintiffs are citizens of Florida.

7.      For diversity purposes, a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

8.      Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington. Therefore, Amazon is a citizen of Delaware and Washington.

9.      According to the Complaint, Defendant Geemax is a "Chinese company." Complaint, at ¶ 4. Thus, Geemax is a citizen of China.[1]

10.     Here, complete diversity of citizenship exists because neither Plaintiff is a citizen of any of the same states as either Amazon or Geemax.

## AMOUNT IN CONTROVERSY

11.     The amount in controversy exceeds $75,000.00, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a).

12.     To satisfy the amount in controversy requirement, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*

---

[1] As of the date of filing this Notice of Removal, there are no corporations, limited liability companies, or limited partnerships registered with the Florida Secretary of State with names that include "Hejinshinaiqingdianzishangwuyouxiangongsi" or "Geemax."

*Co. v. Owens*, 574 U.S. 81, 89 (2014); *see Mangano v. Garden Fresh Rest. Corp.*, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.") (citing *Dart*, 574 U.S. at 89).

13.    Although Plaintiffs do not allege a specific amount in controversy in the Complaint, Plaintiffs' state court Civil Cover Sheet states that they claim damages exceeding $100,000.00. Plaintiffs have also previously represented Ms. Brimer's medical expenses total more than $217,481.68. This information shows that the amount in controversy exceeds $75,000.

14.    In addition, the Court is entitled to rely on its judicial experience and common sense in determining that the amount-in-controversy requirement is satisfied. *See Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A plaintiff's allegations can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.*

15.    Here, although Amazon denies that Plaintiffs are entitled to any monetary relief whatsoever, Plaintiffs have asserted, and Amazon believes in good faith, that Plaintiffs have placed into controversy an amount that exceeds $75,000, exclusive of interest and costs. Plaintiffs allege that Rebecca Brimer was "propel[ed]" from the subject product, causing her to "fall hard" onto "the pavement," resulting in her claimed injuries. Complaint at ¶¶ 12, 16.

16.    As a result, Plaintiffs allege that Ms. Brimer:

sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of ability to earn money,

> loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

*Id.* at ¶¶ 30, 34, 42, 46.

17. Medical records produced by Plaintiffs indicate that Ms. Brimer received extended medical treatment allegedly stemming from the subject incident.

18. Plaintiffs also bring a loss of consortium claim on behalf of James Castleman for loss of "care, comfort, companionship, and consortium of his wife, Rebecca Brimer," allegedly stemming from Ms. Brimer's claimed injuries. *Id.* at ¶ 48.

19. Considering the severity of Ms. Brimer's alleged injuries, her claimed medical expenses, the alleged extent of her medical care, Mr. Castleman's loss of consortium claim, and Plaintiffs' representations that their damages exceed $100,000.00, it is apparent that Plaintiffs have placed more than $75,000.00 in controversy.

20. Accordingly, the amount in controversy requirement is satisfied, which renders this matter properly removable under 28 U.S.C. §§ 1332 and 1441(b).

### **PROCEDURAL COMPLIANCE**

21. This Notice of Removal is timely because it was filed within 30 days after service of the pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

22. The unanimity requirement of 28 U.S.C. § 1446(b)(2)(A) is satisfied because Amazon is the only defendant that has been "properly joined and served"

at the time of the filing of this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

23.    Removal to the Jacksonville Division of this Court is appropriate under 28 U.S.C. § 1446(a) and Local Rule 1.06(a) because the action was filed in St. Johns County, Florida.

24.    As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all the process, pleadings, orders, and papers on file with the state court in this action have been uploaded through the CM/ECF E-Filing Portal.

25.    Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal will promptly be served on Plaintiffs' counsel and filed with the state court clerk.

WHEREFORE, Defendant Amazon.com, Inc., by and through its undersigned counsel, respectfully removes this action now pending against it in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, Case No. CA26-0682 to the United States District Court for the Middle District of Florida, Jacksonville Division.

### CERTIFICATE OF SERVICE – CM/ECF

I HEREBY CERTIFY that on May 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the *CM/ECF* system.

> */s/Nicole Walsh*
> Nicole Walsh – ***LEAD COUNSEL***
> Florida Bar No. 111961
> Robert M. Fulton
> Florida Bar No. 0008516
> Christian Edwards
> Florida Bar No. 1049576
> Hill, Ward & Henderson, P.A.
> Post Office Box 2231

Tampa, FL 33601
bob.fulton@hwhlaw.com
nicole.walsh@hwhlaw.com
Tel: (813) 221-3900
Fax: (813) 221-2900
*Attorneys for Defendant Amazon.com, Inc.*

7

22578096v1