Filing # 246986955 E-Filed 04/28/2026 12:47:39 PM

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:
DIVISION:

REBECCA BRIMER and JAMES CASTLEMAN
her husband,

        *Plaintiffs*,

vs.

AMAZON.COM, INC., a foreign corporation; and
HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI
d/b/a GEEMAX-US, a foreign corporation,

        *Defendants*.

_____/

## **COMPLAINT**

Plaintiffs, Rebecca Brimer and James Castleman, her husband, sue Defendants Amazon.com, Inc. ("Amazon") and hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US ("Geemax") and allege:

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

2. Plaintiffs are and at all times material were, residents of St. Johns County, Florida.

3. Defendant Amazon is a Delaware corporation that maintains a principal place of business in the State of Washington.  At all times material, Defendant Amazon was authorized to, and actually did, conduct business in St. Johns County, Florida.

1

4.    Defendant Geemax is a Chinese company that maintains a principal place of business at No. 8, Linshi Lane, Yangjiaxiang Village, Chengqu Street, Yuncheng City, Hejin City, Shanzi Province, China, 043399.

5.    Defendant Amazon operates a global e-commerce platform through which consumers, including Plaintiff, purchase products made by third-party manufacturers.

6.    Defendant Geemax, through its employees, agents or apparent agents, is in the business of manufacturing, distributing and selling recreational products and electric tricycles to the consuming public through the Amazon retail store.

7.    Defendant Amazon facilitated the sale of the subject Geemax Electric Tricycle through Defendant Amazon's website, amazon.com.  The subject electric tricycle was listed as being sold by GEEMAX-US. Defendant Amazon processed the transaction, collected payment and provided the purchaser interface and fulfillment infrastructure for the sale.  Defendant Amazon was a key participant in the transaction and profited from the sale.  The subject electric tricycle passed through Defendant Amazon's possession, retail fulfillment and delivery system.

8.    Defendant Geemax purposefully availed itself of the Florida and United States market by advertising and selling electric tricycles through amazon.com and placing its electric tricycles into the stream of commerce with the expectation that they would be sold in Florida.

9.    Defendants are subject to the long-arm jurisdiction of this state pursuant to section 48.193, Florida Statutes, by reason of the following:

2

a.      Defendants operated, conducted, engaged in and/or carried on a business or business venture in this state (Section 48.193(a), Florida Statutes);

b.      Defendants committed a tortious act within this state (Section 48.193(b), Florida Statutes); and

c.      Defendants engaged in substantial and not isolated activity within this state (Section 48.193(2), Florida Statutes).

**Factual Allegations**

10.    On January 27, 2025, Plaintiffs purchased a Geemax electric tricycle ("mishap electric tricycle") manufactured by Defendant Geemax and advertised and sold by Defendant Amazon.

11.    The mishap electric tricycle incorporates a folding mechanism located approximately at the longitudinal mid-point of the down-tube of the frame, allowing the forward section of the tricycle to pivot leftward around a hinge situated on the left side of the frame, near the left pedal's crank-arm attachment. To secure the front and rear frame together, a latch system is located on the right side of the tricycle on the frame opposite the hinge.

12.    On May 25, 2025, Rebecca Brimer was riding her Geemax electric tricycle in a normal and intended manner on a smooth roadway surface in St. Augustine, Florida when the frame latch system unexpectedly failed, causing the front of the tricycle to fold to the left and propelling Mrs. Brimer off the tricycle and down onto the pavement.

13.    The failure of the latch system was caused by a defectively designed and manufactured latch and excessive latch tolerances, which prevented the latch from locking closed, thereby allowing the latch to open and permit the folding of the vertical down-tube, without warning, while the subject electric tricycle was in normal operation.

3

14.     The defect, consisting of a defective latch mechanism and excessive latch tolerances, prevented the latch from properly locking in the closed position, allowing normal roadway and walkway vibrations to induce the latch to open unexpectedly.

15.     The defective condition of the subject electric tricycle was undetectable to the normal consumer, including Plaintiffs, until the product failed during normal operation.

16.     The unexpected folding of the subject electric tricycle and Mrs. Brimer's resulting loss of control of the electric tricycle caused her to be thrown off the moving electric tricycle and fall hard to the pavement, suffering injuries.

17.     The defective electric tricycle conditions existed at the time the subject electric tricycle left the possession and control of Defendants.

18.     At all times material, Defendants knew, or reasonably should have known, of the defects in the subject electric tricycle and that it was unfit for its intended use.

19.     Despite Defendants' knowledge of the defects in the subject electric tricycle model line, and their ability to redesign, repair or recall said electric tricycles, Defendants placed the electric tricycles into the stream of commerce where one of the defective electric tricycles was purchased by Plaintiff.

20.     Plaintiffs did not alter or misuse the subject electric tricycle and had no warning, from the instruction manual or otherwise, of the subject electric tricycle's defects or potential dangers to riders of the subject electric tricycle from the defects.

21.     Despite following all reasonable safety requirements before operating the subject electric tricycle, Plaintiff, Rebecca Brimer was injured when the subject electric tricycle's latch failed during normal operation.

4

**COUNT I - NEGLIGENCE OF DEFENDANT GEEMAX**

22.     Plaintiff, Rebecca Brimer realleges paragraphs one (1) through twenty-one (21) above.

23.     The subject electric tricycle was designed, engineered, manufactured and assembled by Defendant Geemax.

24.     At all times material, Plaintiff used the subject electric tricycle in a manner that was reasonably foreseeable to Defendant Geemax.

25.     As a direct result of Defendant Geemax's failure to properly design, manufacture and/or construct the electric tricycle, the latch failed and allowed the subject electric tricycle to fold upon itself during normal operation.

26.     The latch system of the subject electric tricycle was not reasonably fit to withstand clearly foreseeable operation.

27.     Defendant Geemax owed Plaintiff, Rebecca Brimer, a duty to design, manufacture, assemble, market and/or test a reasonably safe product.

28.     Defendant Geemax failed in the design, manufacture, assembly, marketing and/or testing of the subject electric tricycle's latch system in question.  Particularly, Geemax breached the duty it owed Plaintiff in one or more of the following:

a.      failing to properly design the latch system, and its components in a proper manner;

b.      in the fabrication of the latch system, utilizing materials and design(s) which were inferior, unsafe and unsuitable, causing the subject electric tricycle to be mechanically and physically defective;

c.      failing to properly inspect and test the latch system during the manufacturing process, or at the completion thereof, so that the latent defects contained in the latch system would be discovered and remedied;

d.      designing and utilizing a latch system which Defendant Geemax knew, or should have known, was unsafe and ineffectively designed for its intended use;

e.      installing a latch system which Defendant Geemax knew, or should have known, would open and allow the electric tricycle to fold during normal operation;

f.      failing to use other alternative designs which Defendant Geemax knew, or should have known, were available and non-defective at the time of manufacture;

g.      failing to reasonably and adequately warn users, including Plaintiff, of the dangers associated with the latch system; and

h.      failing to recall, repair or replace the subject electric tricycle and/or its latch system when Defendant Geemax knew, or should have known, of the defects in the subject electric tricycle model.

6

29.    As a direct and proximate result of the negligence of Defendant Geemax, the latch on the subject electric tricycle failed and caused the subject electric tricycle to fold during normal operation, causing Plaintiff, Rebecca Brimer, to be thrown off the subject electric tricycle and strike the ground.

30.    As a further direct and proximate result of the negligence and carelessness of Defendant Geemax, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US for damages, interest and costs.

## COUNT II - STRICT LIABILITY OF DEFENDANT GEEMAX

31.    Plaintiff, Rebecca Brimer, realleges paragraphs one (1) through twenty-one (21) above.

32.    At all times material, the subject electric tricycle was in substantially the same condition as when it left the custody, control and possession of Defendant Geemax.

33.    At all times material, the subject electric tricycle's latch system was unsafe and defective, allowing the latch to fail and causing the subject electric tricycle to fold during normal operation and exposing the operator to severe injury by being thrown off the electric tricycle.

34.    As a direct and proximate result of such defects in the subject electric tricycle, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement,

7

mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US for damages, interest and costs.

## COUNT III - NEGLIGENCE OF DEFENDANT AMAZON

35.    Plaintiff, Rebecca Brimer, realleges paragraphs one (1) through twenty-one (21) above.

36.    Defendant Amazon had a duty to exercise reasonable care in the marketing, distribution and sale of consumer products, including the subject electric tricycle purchased by Plaintiff.

37.    Defendant Amazon knew, or should have known, that the selling of defective products, including the subject electric tricycle, created an unreasonably dangerous risk of harm to the consuming public, including Plaintiff, Rebecca Brimer.

38.    Further, Defendant Amazon knew, or should have known, in the exercise of reasonable care, that the subject electric tricycle contained a defect in the latch system and that such defect may cause harm to purchasers/consumers, including Plaintiff.

39.    Despite such knowledge, Defendant Amazon marketed and sold the subject electric tricycle model, knowing that the product was of inferior quality and design.

40.    Defendant was negligent and breached its duty in the following manner:

8

a.    Defendant Amazon placed for sale the subject electric tricycle model, which it knew, or should have known, was defective in nature and likely to cause harm;

b.    Defendant Amazon failed to adequately and properly test and/or inspect the subject electric tricycle model before placing the same for sale to the consuming public; and

c.    Defendant Amazon failed to adequately, accurately and appropriately warn consumers, including Plaintiff, of the dangerousness associated with the defective latch system of the subject electric tricycle model.

41.    As a direct and proximate result of the negligence of Defendant Amazon, the latch on the subject electric tricycle failed and caused the subject electric tricycle to fold during normal operation, causing Plaintiff, Rebecca Brimer, to be thrown off the subject electric tricycle and strike the ground.

42.    As a further direct and proximate result of the negligence of Defendant Amazon, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant Amazon for damage, interest and costs.

## COUNT IV - STRICT LIABILITY OF DEFENDANT AMAZON

43.    Plaintiff, Rebecca Brimer, realleges paragraphs one (1) through twenty-one (21) above.

44.     The subject electric tricycle sold by Defendant Amazon was in a defective and unreasonably dangerous condition at the time Defendant Amazon sold the subject electric tricycle to Plaintiff.

45.     The defective condition included the latch system of the subject electric tricycle improperly and unexpectedly unlatching and causing the subject electric tricycle to fold while Plaintiff was operating the subject electric tricycle.

46.     As a direct and proximate result of the subject electric tricycle's defective and dangerous condition, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant Amazon for damages, interest and costs.

## COUNT V
## LOSS OF CONSORTIUM (JAMES CASTLEMAN)

Plaintiffs re-allege the foregoing allegations and further allege:

47.     Plaintiff, James Castleman, is and at all time material to this claim, has been the lawful husband of Plaintiff, Rebecca Brimer.

48.     As a direct and proximate result of the acts of the Defendants, Amazon.com, Inc. ("Amazon") and hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US ("Geemax"), in causing injuries to Rebecca Brimer, James Castleman, has been and will be deprived of the

10

care, comfort, companionship and consortium of his wife, Rebecca Brimer.  The losses are either permanent or continuing and James Castleman will suffer these losses in the future.

WHEREFORE, the Plaintiff, James Castleman, demands judgment against Defendants, Amazon.com, Inc. ("Amazon") and hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US for compensatory damages, reasonable costs and interest and for such other and further relief as this Court may deem just and proper, and respectfully demands trial by jury.

## DEMAND FOR TRIAL BY JURY AND COSTS

Plaintiffs hereby demand a trial by jury of all issues herein so triable and, in addition, demand an award for costs incurred in prosecuting this action.

Submitted this 28th day of April 2026.

**SPOHRER & DODD, P.L.**


*/s/ Steven R. Browning*
STEVEN R. BROWNING, ESQUIRE
Florida Bar No.: 0599638
76 S. Laura Street, Suite 1701
Jacksonville, FL 32202
Telephone: (904) 309-6500
Facsimile: (904) 309-6501
Email: sbrowning@sdlitigation.com
        sjuneau@sdlitigation.com

*Counsel for Plaintiffs*