CA26-0682 - BRIMER, REBECCA vs. AMAZON.COM, INC.

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| MALTZ, HOWARD M. | Circuit Civil | Products Liability |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| CA26-0682 | 552026CA000682A000MX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 4/28/2026 | 4/28/2026 | ☐ |
| **Total Fees Due:** | **Custody Location:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | | |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | BRIMER, REBECCA | BROWNING, STEVEN RANDOLPH (Main Attorney) |
| PLAINTIFF | CASTLEMAN, JAMES | BROWNING, STEVEN RANDOLPH (Main Attorney) |
| DEFENDANT | AMAZON.COM, INC. | |
| DEFENDANT | HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | | No Events on Case | | |

## CASE DOCKETS

| SEQ# | IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|---|
| 12 | | 12 | 4/30/2026 | EMAIL SENT TO: BROWNING, STEVEN RANDOLPH REGARDING SERVICE OF COURT DOCUMENT – CA26-0682, BRIMER, REBECCA VS. AMAZON.COM, INC. WITH 2 ATTACHMENTS FROM DOCKET: PRACTICES AND PROCEDURES STANDING ORDER FOR CIVIL CASES IN DIVISION 55; UNIFORM CASE MANAGEMENT ORDER -4/30/2026 |
| 11 | 📄 3 | 11 | 4/30/2026 | UNIFORM CASE MANAGEMENT ORDER |
| 10 | 📄 7 | 10 | 4/30/2026 | PRACTICES AND PROCEDURES STANDING ORDER FOR CIVIL CASES IN DIVISION 55 |
| 9 | 📄 2 | 7 | 4/30/2026 | CORPORATE SUMMONS STATUS SET TO CIVIL SUMMONS ISSUED ON 04/30/2026 FOR HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI D/B/A GEEMAX-US |
| 8 | 📄 2 | 6 | 4/30/2026 | CORPORATE SUMMONS STATUS SET TO CIVIL SUMMONS ISSUED ON 04/30/2026 FOR AMAZON.COM, INC. |
| 7 | Request 9 | | 4/30/2026 | PAYMENT $420.00 RECEIPT #2026018851 |
| 6 | | 8 | 4/30/2026 | ATTORNEY: BROWNING, STEVEN RANDOLPH ASSIGNED TO CASTLEMAN, JAMES |
| 5 | | 3 | 4/30/2026 | ATTORNEY: BROWNING, STEVEN RANDOLPH ASSIGNED TO BRIMER, REBECCA |
| 4 | | 2 | 4/30/2026 | JUDGE MALTZ, HOWARD M.: ASSIGNED |
| 3 | 📄 11 | 5 | 4/28/2026 | COMPLAINT |
| 2 | 📄 3 | 4 | 4/28/2026 | CIVIL COVER SHEET |
| 1 | | 1 | 4/28/2026 | CASE FILED 04/28/2026 CASE NUMBER CA26-0682 |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ST. JOHNS</u>  COUNTY, FLORIDA

<u>Rebecca Brimer, James Castleman</u>
Plaintiff

Case # _____  552026CA000682A000MX

Judge  _____

vs.

<u>Amazon.com, Inc., hejinshinaiqingdianzishangwuyouxiangongsi d/b/a</u>
Defendant

---

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**Accepted 04/30/2026 08:59 AM by the Clerk of the Circuit Court, St. Johns County, Florida, DIN: 4**

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    <u>5</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Steven R Browning</u>        Fla. Bar # <u>599638</u>
      Attorney or party                (Bar # if attorney)

<u>Steven R Browning</u>          04/28/2026
 (type or print name)         Date

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.:
DIVISION:

REBECCA BRIMER and JAMES CASTLEMAN
her husband,

        *Plaintiffs*,

vs.

AMAZON.COM, INC., a foreign corporation; and
HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI
d/b/a GEEMAX-US, a foreign corporation,

        *Defendants*.

_____/

## COMPLAINT

Plaintiffs, Rebecca Brimer and James Castleman, her husband, sue Defendants Amazon.com, Inc. ("Amazon") and hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US ("Geemax") and allege:

1.      This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

2.      Plaintiffs are and at all times material were, residents of St. Johns County, Florida.

3.      Defendant Amazon is a Delaware corporation that maintains a principal place of business in the State of Washington. At all times material, Defendant Amazon was authorized to, and actually did, conduct business in St. Johns County, Florida.

1

4.       Defendant Geemax is a Chinese company that maintains a principal place of business at No. 8, Linshi Lane, Yangjiaxiang Village, Chengqu Street, Yuncheng City, Hejin City, Shanzi Province, China, 043399.

5.       Defendant Amazon operates a global e-commerce platform through which consumers, including Plaintiff, purchase products made by third-party manufacturers.

6.       Defendant Geemax, through its employees, agents or apparent agents, is in the business of manufacturing, distributing and selling recreational products and electric tricycles to the consuming public through the Amazon retail store.

7.       Defendant Amazon facilitated the sale of the subject Geemax Electric Tricycle through Defendant Amazon's website, amazon.com.  The subject electric tricycle was listed as being sold by GEEMAX-US. Defendant Amazon processed the transaction, collected payment and provided the purchaser interface and fulfillment infrastructure for the sale.  Defendant Amazon was a key participant in the transaction and profited from the sale.  The subject electric tricycle passed through Defendant Amazon's possession, retail fulfillment and delivery system.

8.       Defendant Geemax purposefully availed itself of the Florida and United States market by advertising and selling electric tricycles through amazon.com and placing its electric tricycles into the stream of commerce with the expectation that they would be sold in Florida.

9.       Defendants are subject to the long-arm jurisdiction of this state pursuant to section 48.193, Florida Statutes, by reason of the following:

2

a.      Defendants operated, conducted, engaged in and/or carried on a business or business venture in this state (Section 48.193(a), Florida Statutes);

b.      Defendants committed a tortious act within this state (Section 48.193(b), Florida Statutes); and

c.      Defendants engaged in substantial and not isolated activity within this state (Section 48.193(2), Florida Statutes).

## Factual Allegations

10.     On January 27, 2025, Plaintiffs purchased a Geemax electric tricycle ("mishap electric tricycle") manufactured by Defendant Geemax and advertised and sold by Defendant Amazon.

11.     The mishap electric tricycle incorporates a folding mechanism located approximately at the longitudinal mid-point of the down-tube of the frame, allowing the forward section of the tricycle to pivot leftward around a hinge situated on the left side of the frame, near the left pedal's crank-arm attachment. To secure the front and rear frame together, a latch system is located on the right side of the tricycle on the frame opposite the hinge.

12.     On May 25, 2025, Rebecca Brimer was riding her Geemax electric tricycle in a normal and intended manner on a smooth roadway surface in St. Augustine, Florida when the frame latch system unexpectedly failed, causing the front of the tricycle to fold to the left and propelling Mrs. Brimer off the tricycle and down onto the pavement.

13.     The failure of the latch system was caused by a defectively designed and manufactured latch and excessive latch tolerances, which prevented the latch from locking closed, thereby allowing the latch to open and permit the folding of the vertical down-tube, without warning, while the subject electric tricycle was in normal operation.

3

14. The defect, consisting of a defective latch mechanism and excessive latch tolerances, prevented the latch from properly locking in the closed position, allowing normal roadway and walkway vibrations to induce the latch to open unexpectedly.

15. The defective condition of the subject electric tricycle was undetectable to the normal consumer, including Plaintiffs, until the product failed during normal operation.

16. The unexpected folding of the subject electric tricycle and Mrs. Brimer's resulting loss of control of the electric tricycle caused her to be thrown off the moving electric tricycle and fall hard to the pavement, suffering injuries.

17. The defective electric tricycle conditions existed at the time the subject electric tricycle left the possession and control of Defendants.

18. At all times material, Defendants knew, or reasonably should have known, of the defects in the subject electric tricycle and that it was unfit for its intended use.

19. Despite Defendants' knowledge of the defects in the subject electric tricycle model line, and their ability to redesign, repair or recall said electric tricycles, Defendants placed the electric tricycles into the stream of commerce where one of the defective electric tricycles was purchased by Plaintiff.

20. Plaintiffs did not alter or misuse the subject electric tricycle and had no warning, from the instruction manual or otherwise, of the subject electric tricycle's defects or potential dangers to riders of the subject electric tricycle from the defects.

21. Despite following all reasonable safety requirements before operating the subject electric tricycle, Plaintiff, Rebecca Brimer was injured when the subject electric tricycle's latch failed during normal operation.

## COUNT I - NEGLIGENCE OF DEFENDANT GEEMAX

22.     Plaintiff, Rebecca Brimer realleges paragraphs one (1) through twenty-one (21) above.

23.     The subject electric tricycle was designed, engineered, manufactured and assembled by Defendant Geemax.

24.     At all times material, Plaintiff used the subject electric tricycle in a manner that was reasonably foreseeable to Defendant Geemax.

25.     As a direct result of Defendant Geemax's failure to properly design, manufacture and/or construct the electric tricycle, the latch failed and allowed the subject electric tricycle to fold upon itself during normal operation.

26.     The latch system of the subject electric tricycle was not reasonably fit to withstand clearly foreseeable operation.

27.     Defendant Geemax owed Plaintiff, Rebecca Brimer, a duty to design, manufacture, assemble, market and/or test a reasonably safe product.

28.     Defendant Geemax failed in the design, manufacture, assembly, marketing and/or testing of the subject electric tricycle's latch system in question.  Particularly, Geemax breached the duty it owed Plaintiff in one or more of the following:

a.      failing to properly design the latch system, and its components in a proper manner;

b.      in the fabrication of the latch system, utilizing materials and design(s) which were inferior, unsafe and unsuitable, causing the subject electric tricycle to be mechanically and physically defective;

c.      failing to properly inspect and test the latch system during the manufacturing process, or at the completion thereof, so that the latent defects contained in the latch system would be discovered and remedied;

d.      designing and utilizing a latch system which Defendant Geemax knew, or should have known, was unsafe and ineffectively designed for its intended use;

e.      installing a latch system which Defendant Geemax knew, or should have known, would open and allow the electric tricycle to fold during normal operation;

f.      failing to use other alternative designs which Defendant Geemax knew, or should have known, were available and non-defective at the time of manufacture;

g.      failing to reasonably and adequately warn users, including Plaintiff, of the dangers associated with the latch system; and

h.      failing to recall, repair or replace the subject electric tricycle and/or its latch system when Defendant Geemax knew, or should have known, of the defects in the subject electric tricycle model.

29.     As a direct and proximate result of the negligence of Defendant Geemax, the latch on the subject electric tricycle failed and caused the subject electric tricycle to fold during normal operation, causing Plaintiff, Rebecca Brimer, to be thrown off the subject electric tricycle and strike the ground.

30.     As a further direct and proximate result of the negligence and carelessness of Defendant Geemax, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US for damages, interest and costs.

## COUNT II - STRICT LIABILITY OF DEFENDANT GEEMAX

31.     Plaintiff, Rebecca Brimer, realleges paragraphs one (1) through twenty-one (21) above.

32.     At all times material, the subject electric tricycle was in substantially the same condition as when it left the custody, control and possession of Defendant Geemax.

33.     At all times material, the subject electric tricycle's latch system was unsafe and defective, allowing the latch to fail and causing the subject electric tricycle to fold during normal operation and exposing the operator to severe injury by being thrown off the electric tricycle.

34.     As a direct and proximate result of such defects in the subject electric tricycle, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement,

mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US for damages, interest and costs.

## COUNT III - NEGLIGENCE OF DEFENDANT AMAZON

35.    Plaintiff, Rebecca Brimer, realleges paragraphs one (1) through twenty-one (21) above.

36.    Defendant Amazon had a duty to exercise reasonable care in the marketing, distribution and sale of consumer products, including the subject electric tricycle purchased by Plaintiff.

37.    Defendant Amazon knew, or should have known, that the selling of defective products, including the subject electric tricycle, created an unreasonably dangerous risk of harm to the consuming public, including Plaintiff, Rebecca Brimer.

38.    Further, Defendant Amazon knew, or should have known, in the exercise of reasonable care, that the subject electric tricycle contained a defect in the latch system and that such defect may cause harm to purchasers/consumers, including Plaintiff.

39.    Despite such knowledge, Defendant Amazon marketed and sold the subject electric tricycle model, knowing that the product was of inferior quality and design.

40.    Defendant was negligent and breached its duty in the following manner:

8

a.      Defendant Amazon placed for sale the subject electric tricycle model, which it knew, or should have known, was defective in nature and likely to cause harm;

b.      Defendant Amazon failed to adequately and properly test and/or inspect the subject electric tricycle model before placing the same for sale to the consuming public; and

c.      Defendant Amazon failed to adequately, accurately and appropriately warn consumers, including Plaintiff, of the dangerousness associated with the defective latch system of the subject electric tricycle model.

41.     As a direct and proximate result of the negligence of Defendant Amazon, the latch on the subject electric tricycle failed and caused the subject electric tricycle to fold during normal operation, causing Plaintiff, Rebecca Brimer, to be thrown off the subject electric tricycle and strike the ground.

42.     As a further direct and proximate result of the negligence of Defendant Amazon, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant Amazon for damage, interest and costs.

## COUNT IV - STRICT LIABILITY OF DEFENDANT AMAZON

43.     Plaintiff, Rebecca Brimer, realleges paragraphs one (1) through twenty-one (21) above.

9

44. The subject electric tricycle sold by Defendant Amazon was in a defective and unreasonably dangerous condition at the time Defendant Amazon sold the subject electric tricycle to Plaintiff.

45. The defective condition included the latch system of the subject electric tricycle improperly and unexpectedly unlatching and causing the subject electric tricycle to fold while Plaintiff was operating the subject electric tricycle.

46. As a direct and proximate result of the subject electric tricycle's defective and dangerous condition, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of ability to earn money, loss of continued enjoyment of life, discomfort, medical expenses, and aggravation of a previously existing condition. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Rebecca Brimer, demands judgment against Defendant Amazon for damages, interest and costs.

**COUNT V**
**<u>LOSS OF CONSORTIUM (JAMES CASTLEMAN)</u>**

Plaintiffs re-allege the foregoing allegations and further allege:

47. Plaintiff, James Castleman, is and at all time material to this claim, has been the lawful husband of Plaintiff, Rebecca Brimer.

48. As a direct and proximate result of the acts of the Defendants, Amazon.com, Inc. ("Amazon") and hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US ("Geemax"), in causing injuries to Rebecca Brimer, James Castleman, has been and will be deprived of the

care, comfort, companionship and consortium of his wife, Rebecca Brimer.  The losses are either permanent or continuing and James Castleman will suffer these losses in the future.

**WHEREFORE,** the Plaintiff, James Castleman, demands judgment against Defendants, Amazon.com, Inc. ("Amazon") and hejinshinaiqingdianzishangwuyouxiangongsi d/b/a Geemax – US for compensatory damages, reasonable costs and interest and for such other and further relief as this Court may deem just and proper, and respectfully demands trial by jury.

## DEMAND FOR TRIAL BY JURY AND COSTS

Plaintiffs hereby demand a trial by jury of all issues herein so triable and, in addition, demand an award for costs incurred in prosecuting this action.

Submitted this 28th day of April 2026.

**SPOHRER & DODD, P.L.**

*/s/ Steven R. Browning*
STEVEN R. BROWNING, ESQUIRE
Florida Bar No.: 0599638
76 S. Laura Street, Suite 1701
Jacksonville, FL 32202
Telephone: (904) 309-6500
Facsimile: (904) 309-6501
Email: sbrowning@sdlitigation.com
         sjuneau@sdlitigation.com

*Counsel for Plaintiffs*

11

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.: **CA26-0682**
DIVISION: **55**

REBECCA BRIMER and JAMES CASTLEMAN
her husband,

        *Plaintiffs,*

vs.

AMAZON.COM, INC., a foreign corporation; and
HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI
d/b/a GEEMAX-US, a foreign corporation,

        *Defendants.*

_____/

## SUMMONS

**THE STATE OF FLORIDA**

To Each Sheriff of the State:

        You are commanded to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

        **AMAZON.COM, INC.**
        c/o Registered Agent, Corporation Service Company
        251 Little Falls Drive
        Wilmington, DE  19808.

        The Defendant is required to serve written defenses to the Complaint on Plaintiff(s) attorney, whose name and address is:

        **Steven R. Browning, Esquire**
        **Spohrer & Dodd, P.L.**
        **76 South Laura Street, Suite 1701**
        **Jacksonville, FL  32202**

within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESS my hand and the seal of this Court on ___4/30/2026_____.

Brandon J. Patty
Clerk of Court

By: ___Katy E Arence_____
Deputy Clerk

2

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA

CASE NO.: **CA26-0682**
DIVISION: **55**

REBECCA BRIMER and JAMES CASTLEMAN
her husband,

    *Plaintiffs,*

vs.

AMAZON.COM, INC., a foreign corporation; and
HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI
d/b/a GEEMAX-US, a foreign corporation,

    *Defendants.*

_____/

### SUMMONS

**THE STATE OF FLORIDA**

To Each Sheriff of the State:

  You are commanded to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

  **HEJINSHINAIQINGDIANZISHANGWUYOUXIANGONGSI d/b/a Geemax-US**
  No. 8, Linshi Lane, Yangjiaxiang Village, Chengqu Street,
  Yuncheng City, Hejin City,
  Shanzi Province, China, 043399.

  The Defendant is required to serve written defenses to the Complaint on Plaintiff(s) attorney, whose name and address is:

  **Steven R. Browning, Esquire**
  **Spohrer & Dodd, P.L.**
  **76 South Laura Street, Suite 1701**
  **Jacksonville, FL  32202**

within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESS my hand and the seal of this Court on _____4/30/2026_____.

Brandon J. Patty
Clerk of Court

By: _Katy E Ghence_
Deputy Clerk

2

CA26-0682

**IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT,
IN AND FOR ST. JOHNS COUNTY, FLORIDA**

**PRACTICES AND PROCEDURES STANDING ORDER FOR CIVIL CASES
IN DIVISION 55**

The following practices and procedures apply to all civil cases pending in Division 55. These procedures are designed to assist the parties in having their cases handled as efficiently as possible. If you have questions regarding the requirements set forth herein, please contact the judicial assistant for the division at smiller@circuit7.org or (904) 827-5600. Email communication is preferred.

1. **Communication with the Court:**

*A.*    All communications with the judicial office must comply with Canon 3 of the Code of Judicial Conduct, which prohibits a judge from initiating, permitting, or considering ex parte communications and from considering other communications outside the presence of the parties concerning a pending or impending proceeding, unless authorized by law. All parties must be copied on any email directed to the judicial office, unless an ex parte communication is authorized by law.

*B.*    Do not include the judicial assistant in emails between parties that do not request action from the judicial office.

*C.*    When communicating with the judicial office please be cognizant that there are several thousand cases pending in this division at any given time and the judicial office receives numerous emails and phone calls daily. Your inquiry will typically be responded to in the order it was received, as expeditiously as reasonably possible.

*D.*    The judicial assistant is not permitted to provide legal advice.

2. **Orders on Unopposed Matters**:  Orders on consented matters which do not need a hearing may be forwarded to the Judge. The motion and proposed order must specify within the body that the relief sought has been agreed to by all parties. The order must be submitted electronically utilizing the procedures set forth below in paragraph 6.

3. **Orders on Motions that may not require hearings**:  The Court may consider the following motions without a hearing:

*A.*    *Motions to Cancel Foreclosure Sales:*  The Court will consider motions to cancel or reschedule foreclosure sales, only if the following requirements are met: (a) the written motion is received by the Court no less than five (5) business days before the scheduled sale date and served on all parties; (b) the motion must contain specific facts setting forth the reasons for the postponement; and (c) the motion must have supporting documentation attached (e.g. sales contract, loan modification information, etc.). Motions will not be granted as a matter of right and will only be granted on a limited basis upon a determination of good cause.

Page 1 of 7

B.      *Motions to Withdraw by Counsel:* Counsel may seek withdrawal from representation upon filing of an appropriate motion.  Notice must be provided to all parties and their client.  The motion must set forth the reasons for withdrawal and the client's last known address.  If the client does not consent to the withdrawal in writing, a hearing will need to be scheduled.

C.      *Motions to Substitute Counsel:* Motions to substitute counsel must comply with Fla. R. Gen. Prac. & Jud. Adm. 2.505 and contains the client's written consent.

**4.      <u>Motions to Compel Discovery</u>**:

A.      Unless there has been a complete failure to respond or object to written discovery requests, motions to compel discovery must include in the body of the motion in quotation, each interrogatory, deposition question, request for admission, or request for production to which the motion is addressed, followed by quotation, in full, of the answer or response which is asserted to be insufficient, or the objection and grounds stated by the opposing party. Merely attaching the request and alleged deficient response to the motion will not suffice.

B.      If there has been a complete failure to respond to discovery requirements, a party may utilize the procedures in Seventh Judicial Circuit Administrative Order CV-22-004-SC to obtain an order compelling discovery without a hearing.

C.      Discovery disputes called up for a hearing and determined to not be meritorious, failure to respond to discovery, or objections to discovery that have no legitimate basis may result in sanctions, in accordance with Fla. R. Civ. P. 1.380.

**5.      <u>Hearings:</u>**

A.      *Scheduling Hearings*

i.      All hearings need to be coordinated among all counsel and scheduled through the Benchmark internet scheduling system.  Instructions for using Benchmark can be found on the Judge's webpage at <u>www.circuit7.org</u>.  **Hearings may not be scheduled on the Court's calendar less than 10 days before the scheduled hearing date without the Court's consent.**

ii.      No hearing shall be scheduled on motions that have not yet been filed.  Hearings scheduled on unfiled motions will be stricken.  A Notice of Hearing must be filed *immediately* upon securing hearing time.

iii.      ***No hearing may be scheduled for longer than one hour on Benchmark.*** Any hearing requiring more than one hour may only be scheduled through the judicial assistant. If a hearing is scheduled for more than one hour without prior authorization from the Court, the hearing will be stricken.

iv.      Multiple motions in the same case may not be scheduled at non-sequential times throughout the same day.

v.      Counsel must assure that enough time is reserved to allow for arguments by all parties.  All parties will receive equal time during hearings.  Hearings scheduled with insufficient

time to hear all parties' arguments will be stricken and continued until sufficient time is available.

vi.      Other parties in a case are not permitted to notice a hearing on a different motion at the same time as the scheduled hearing without the consent of the party that reserved the time. Hearings set in such a manner will be stricken.

vii.      Parties having difficulty securing available hearing time are urged to frequently check Benchmark for available hearing time, since the Court's hearing schedule is frequently changing due to hearing cancellations.

B.      *Chambers Copies of Motions:*  If the motion(s) scheduled for hearing exceed(s) 15 pages, including attachments, the movant shall submit a chambers copy, in hard copy, of the motion(s) and attachments to the Court, which must be received by the Court **no later than ten (10) business days prior to the hearing.**  Failure to timely submit a chambers copy of the motion as directed herein may result in canceling of the hearing, or the Court's inability to review the motion prior to the hearing, due to the Court's busy hearing schedule.

C.      *Legal Memoranda:* If parties desire to submit legal memoranda, or responses in oppositions to motions upcoming for hearing, in addition to filing the memoranda or response, **regardless of length a chambers copy must be delivered to the judge no later than ten (10) business days prior to the hearing**.  Responses or memoranda in opposition to motions are not required unless mandated by the Florida Rules of Civil Procedure.  Responses or memoranda in opposition to motions shall not exceed twenty (20) typewritten pages without leave of Court. Replies to responses in opposition to motions are not permitted absent leave of Court.  Untimely submissions or submissions not delivered to the Court will not be considered.

D.      *Conferral Certification:* All motions shall conform to the conferral requirements of Fla. R. Civ. P. 1.202.  Motions that fail to comply with Rule 1.202 may be summarily denied. A non-movant's purposeful failure to respond to conferral attempts may be considered consent to the relief sought.

E.      *Hearing Cancellations:* If a hearing is cancelled, a Notice of Cancellation must be filed **_and_** the judicial assistant must be **_immediately_** notified of the cancellation so the time may be made available for litigants in other cases. Only the party that scheduled a hearing may cancel that hearing.

F.      *Court Reporters:*  Parties arranging a court reporter for attendance at a hearing must assure the court reporter meets the requirements set forth in Seventh Judicial Circuit Administrative Order G-23-041-SC.  Court reporters not satisfying these requirements will not be permitted to report the proceedings, but the hearing will proceed as scheduled.  Court reporters must appear in person if counsel for the parties appear in person, to assure the court reporter can hear all the participants.

G.      *Emergency Motions:*  Emergency hearings must be requested by written motion, setting forth in the introductory or first paragraph the reasons why the matter is considered an "emergency," and the amount of time needed for a hearing on the motion The request must be delivered to the Judge's chambers. Generally, emergencies exist where persons or property face the threat of imminent harm without court intervention.  Hearings on emergency motions will be

unilaterally scheduled by the Court and must be attended in-person by counsel and necessary witnesses, unless the Court permits otherwise. The unwarranted designation of a motion as an emergency will result in summary denial of the motion and may result in additional sanctions.

      *H.*     *In-Person and Remote Appearances:* All hearings regardless of the number of matters to be heard, scheduled for one hour or longer or that are evidentiary must be attended in-person.  Non-evidentiary hearings scheduled for less than one hour may be attended in person or through audio-video communication technology, as defined in Rule 2.530(a)(2), Fla. R. Gen. Prac. & Jud. Admin.

      *I.*     *Remote Appearance Zoom Procedures:* Audio-video communication technology is conducted using the Zoom platform.  Zoom is accessible via the Court's Zoom meeting number 328 827 5617; no password is required. The following shall be strictly adhered to during authorized appearances made over Zoom:

    i.     Hearings conducted on Zoom are official court proceedings, and proper courtroom decorum must be followed, ***including appropriate courtroom   attire***.

    ii.     Unauthorized recording of Zoom proceedings is not permitted.

    iii.     If a court reporter is present they must meet the requirements in Seventh Judicial Circuit Administrative Order G-23-041-SC.

    iv.     Participants shall not move their device around during the Zoom proceedings.

    v.     Participants shall limit distractions during the hearing.  Find a quiet place to participate in the hearing.

    vi.     All participants shall assure, that they are properly identified by name.  Zoom identifiers such as "iPhone" are insufficient.

    vii.     Participants who interrupt the proceedings, or create a distraction, will be disconnected.

    viii.     Under no circumstances will a participant be permitted to appear remotely from a moving vehicle.

    ix.     Persons connecting to the Zoom hearing after the hearing has begun may not be admitted into the hearing.

      *J.*     *Hearing Notices:*   All notices of hearing must identify the hearing room or courtroom where the hearing will take place and shall not indicate the hearing is a remote hearing.  For non-evidentiary hearings scheduled for less than one hour, the notice shall additionally specify "parties and/or counsel may appear by Zoom in lieu of in-person appearance and must strictly adhere to the Zoom attendance guidelines."  An example of a proper notice of hearing can be found on the Court's website.  All notices of hearing must contain the ADA notification required by Fla. R. Gen Prac. and Jud. Admin. 2.540.

      *K.*     *Request for ADA accommodation and/or Interpreter Services*:  Request for ADA accommodations and/or interpreter services must be made by contacting Court Administration at (386) 257-6096, at least 7 days before the scheduled court appearance, or immediately upon receiving notification if the time before the appearance is less than 7 days.

    **6.**     **Submission of Proposed Orders:**

      *A.*     All proposed orders must be sent to the Court electronically by email at division55@circuit7.org.  The subject line of the email must state "Proposed Order," and include

the case style and case number.  The proposed order must be an attachment to the email in Word format.  Proposed orders must not be filed through the e-filing portal.  Do not send proposed orders in pdf format.

*B.*    Executed orders will be served upon counsel of record in the case at their designated email addresses; thus, it is imperative that all counsel keep their email addresses up to date.  Unrepresented parties will receive the executed orders at their email address.  Unrepresented parties who have been excused from designating an email address will receive orders through the mail.

*C.*    Proposed orders following a hearing at which the judge announced a ruling and directed a party to submit a proposed order shall be submitted to the Court within ten (10) days of the hearing, unless the judge directed otherwise.  Prior to submitting the proposed order it must be presented to opposing counsel.  The email to the Court with the attached proposed order must indicate that the proposed order has been shown to opposing counsel for review and whether opposing counsel agrees to its content.

*D.*    Proposed orders following a hearing at which the judge did not announce a ruling shall only be submitted if the Court requested the parties to do so.

**7.**    <u>**Setting Cases for Trial**</u>:   Parties seeking to set a case for trial do not need to schedule a hearing with the Court but should file a Notice of Trial that complies with Fla. R. Civ. P. 1.440.  A copy of the Notice must be sent to the Judge's chambers.  If a specific trial term is agreed to by the parties, the Notice should so specify. The Notice of Trial must specify whether the trial is by jury or non-jury, and the expected length of the trial.   Parties shall carefully read the Court's Order Setting Case for Trial and the Uniform Case Management Order to comply with the requirements and deadlines therein.

**8.**    <u>**Motions for Summary Judgment:**</u> Motions for summary judgment, and responses thereto, shall strictly adhere to the time requirements in Fla. R. Civ. P. 1.510 and the Uniform Case Management Order.  Motions and/or responses that do not adhere to the time specifications will not be considered. Replies by movants to a non-movant's response in opposition to a motion for summary judgment are not permitted absent an order from the Court.  Replies filed without Court authorization will not be considered.

**9.**    <u>**Motions to Continue Trials**</u>: A motion to continue must comply with the requirements in Rule 1.460, Fla. R. Civ. P. and Rule 2.545(e), Fla. R. Gen. Prac. & Jud. Adm.  No continuance is granted as a matter of right and the parties should not assume that a continuance will be granted, even if all parties consent.  Motions to continue trials are disfavored and rarely granted.  Lack of due diligence in preparing for trial is not good cause to continue a trial.

**10.**    <u>**Settlements:**</u>   If a case set for trial settles, counsel must notify the judicial assistant.

**11.**    <u>**Witness Testimony by Audio-Video Communication Technology:**</u> All witness testimony at hearings or trial shall be in-person unless otherwise authorized by Court order.  If a party seeks to have a witness testify via audio-video communication technology, a motion must be filed that complies with Rule 2.530, Fla. R. Gen. Prac. & Jud. Admin. Parties calling a

witness to testify via audio-video communications technology shall ensure the witness is provided a copy of the Court's procedures governing Zoom appearances.

**12.** **Trials:** The following procedures are for jury trials before the Court. These procedures supplement the requirements set forth in the order setting the case for trial.

*A.* Counsel shall stand when court is opened, recessed, or adjourned, the jury enters or retires from the courtroom, addressing or being addressed by the Court, examining witnesses, or making objections.

*B.* All objections and remarks shall be directed to the Court, and not to opposing counsel. Disparaging personal remarks or acrimony toward opposing counsel will not be tolerated. Refer to all persons (including witnesses, other counsel, and parties) by their surnames, not by their first names. Exceptions may be made in the case of children.

*C.* Counsel making objections shall state only the legal grounds for the objections, withholding further comment or argument unless requested by the Court. Speaking objections (other than legal basis) are not permitted. The proponent of the question should not make argument regarding the objection unless the Court requests a response.

*D.* Any paper or other tangible object not yet received into evidence shall be marked for identification by the clerk and shown to opposing counsel before tendered to a witness.

*E.* All exhibits must be pre-marked for identification by the clerk ***before trial***. Exhibits marked for identification shall be identified by letter. Exhibits will be assigned a number upon admission into evidence.

*F.* One attorney for each party shall examine or cross-examine any one witness. The attorney who examines or cross-examines shall make any objections.

*G.* Offers or requests for stipulations must be made outside the presence of the jury. Suggestions of counsel relating to the comfort or convenience of jurors must be made outside the presence of the jury.

*H.* Do not ask the Court to declare a witness to be an expert, or "tender" a witness as an expert.

*I.* Motions in limine shall be limited to case specific anticipated evidentiary issues. Boilerplate motions in limine not addressing case specific anticipated evidentiary issues will not be considered. *See State Farm Mut. Auto. Ins. Co. v. Davis,* 336 So.3d 392, 397 n.5 (Fla. 5th DCA 2022).

*J.* Counsel for the Plaintiff shall bring one ream of letter size (8x11) paper on the first day of trial and hand it to the clerk. This paper will be used to prepare jury instructions and verdict forms.

*K.* Counsel for the Defendant shall bring enough standard letter size (8x11) pads, envelopes to hold the pads, and pens, for each of the jurors, including alternate juror(s), to be used for juror note taking.

   *L.*  Prior to jury selection, counsel for all parties shall confer and generate **one joint set** of jury instructions for use at the charge conference.  Instructions that are agreed upon shall be so designated; instructions not agreed upon should be labeled as the Plaintiff's or Defendant's requested instructions within the **joint** set.  Citations to the source of the instructions should be noted therein.  Plaintiff's counsel (unless Plaintiff is unrepresented, in which case defense counsel) is responsible for creating the **joint** set of proposed instructions.  The **joint** set of instructions should be given to the Court on paper and electronically (e.g. flash drive, email, etc.) in Word format.  Proposed verdict forms should be submitted the same way.

   *M.*  Counsel and parties shall be prepared to try their cases anytime during the scheduled trial term.

   *N.*  Please refer to the trial order and Uniform Case Management Order for additional requirements and deadlines.

DONE AND ORDERED in St. Augustine, St. Johns County, Florida.

               */s/ Howard M. Maltz*
               Circuit Judge

*Revised May 2025*

**IN THE CIRCUIT/COUNTY COURT OF FLORIDA, SEVENTH JUDICIAL CIRCUIT,
IN AND FOR FLAGLER, PUTNAM, ST. JOHNS AND VOLUSIA COUNTIES**

**UNIFORM CASE MANAGEMENT ORDER**

**NOTICE:  The deadlines referenced in this Order will be strictly enforced.**

This Case Management Order is issued in accordance with Fla. R. Civ. P. 1.200 and Administrative Order(s) of the Seventh Judicial Circuit Court. The deadlines referenced herein apply in conjunction with the trial date specified in the Order Setting Trial.

**A.    CASE DESIGNATION**

All civil cases will be assigned a designation as follows: Civil cases in which trials by jury are demanded are designated as "General," except those cases in which all defendants have been defaulted. Civil cases designated as "Complex" pursuant to Rule 1.201, Fla. R. Civ. P., are exempted from the requirements of this Order and will follow the procedures outlined in the Rule. All other civil cases are designated as "Streamlined." Parties may move for redesignation in accordance with Fla. R. Civ. P. 1.200 (c)(1). Civil actions specified in Fla. R. Civ. P. 1.200(a)(1-18) are likewise exempted from the requirements of this order.

**B.    PROJECTED TRIAL PERIOD**

The projected trial period for "General" cases will be no later than eighteen (18) months from case filing. The projected trial period for "Streamlined" cases will be no later than twelve (12) months from case filing. The parties may move the Court to fix a trial period on or before the projected trial period. For cases in which no trial order has been issued, the parties seeking affirmative relief must notify the Court no later than seventy-five (75) days before the expiration of the projected trial period that no trial order has been issued.

**C.    SERVICE OF PROCESS**

Plaintiff(s) are required to serve each defendant with initial process and pleading no later than one hundred twenty (120) days from case filing as provided in Fla. R. Civ. P. 1.070(j). Proof of service of process is to be promptly filed with the Clerk of Court. Motions for extension of time to complete service of process must be filed no later than ten (10) days prior to the expiration of the initial time allotted for service. The motions must specify the reasons why service could not be performed within 120 days and what attempts had been made at service during that period. In its discretion, the presiding judge may grant the plaintiff(s) an additional ninety (90) days to serve any remaining defendant(s). After the expiration of the time for service, including any extensions, any unserved defendant(s) may be dismissed from the action without further notice.

**D.    ADDING NEW PARTIES**

The deadline for adding new parties to an action is 120 days after the completion of service of process on the initial defendants in cases designated as "General" and 90 days after the completion of service of process on the initial defendants in cases designated as "Streamlined." Parties may not be added to actions after these deadlines absent a showing of good cause.

1

Filed 04/30/2026 09:10 AM with the Clerk of the Circuit Court, St. Johns County, Florida, DIN: 11

## E.    OBJECTIONS TO PLEADINGS

Motions objecting to pleadings must be called up for hearing no later than 120 days after the filing of the motion. Motions objecting to pleadings not called up for hearing within the time specified herein, absent a showing of good cause, may be deemed waived or abandoned.

## F.    DISCOVERY/DISCLOSURE DEADLINES

All discovery is to be completed according to the following schedule:

| Action or Event | General | Streamlined |
|---|---|---|
| Mandatory Initial Disclosures | As provided in Fla. R. Civ. P. 1.280(a) | As provided in Fla. R. Civ. P. 1.280(a) |
| Disclosure of expert witnesses | 120 days before docket sounding for parties seeking affirmative relief; 90 days before docket sounding for parties not seeking affirmative relief | 90 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| Disclosure of fact witnesses | 60 days before docket sounding | 60 days before docket sounding |
| Service of written discovery requests | 45 days before docket sounding | 45 days before docket sounding |
| Completion of all discovery | 10 days before docket sounding | 10 days before docket sounding |

## G.    DISPOSITIVE MOTIONS

Dispositive motions must be filed and served no later than 120 days prior to the scheduled or projected trial period for "General" cases and 90 days prior to the scheduled or projected trial period for "Streamlined." cases. Motions for summary judgment and responses in opposition must comply with the deadlines set forth in Fla. R. Civ. P. 1.510. Movants must promptly call up dispositive motions for hearing, but no sooner than the time specified in Rule 1.510. Replies to responses in opposition to dispositive motions are only permitted upon leave of Court.

2

### H.    EXPERT WITNESS MOTIONS

Expert witness-related motions or objections (e.g., *Daubert* motions) must be filed no later than 60 days prior to the start of the scheduled or projected trial period for "General" cases and forty-five (45) days prior to the start of the specified or projected trial period for "Streamlined" cases.

### I.    PRETRIAL MOTIONS

All pretrial motions, other than dispositive motions and motions directed at expert witnesses, must be filed no later than thirty (30) days prior to the trial date. Pretrial motions filed within 30 days of trial will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least 30 days prior to the trial date. Compliance by counsel (not staff) with the conferral requirements in Fla. R. Civ. P. 1.202 is required. Failure to comply with conferral requirements may result in summary denial of motions. Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline. The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

### J.    MEDIATION

Unless excused by the Court or excluded pursuant to Fla. R. Civ. P. 1.710(b), mediation is to be conducted in all cases. Mediation must be concluded, and a report filed prior to docket sounding.

### K.    EXTENSIONS/MODIFICATIONS OF DEADLINES

The deadlines specified herein will be strictly enforced unless modified by Court order. The parties may submit an agreed order to extend disclosure and/or discovery deadlines; however, all remaining deadlines will remain in place absent a Court order. Continuances of deadlines are strongly discouraged.

### L.    SERVICE OF THIS ORDER

Plaintiff is required to serve a copy of this Order on all other parties and file a notice of service with the Clerk within 30 days of the date of its issuance.

**DONE AND ORDERED** in Flagler, Putnam, St. Johns, and Volusia counties.

Leah R. Case
Chief Judge

Effective: January 1, 2025
Adopted: December 2024

3